```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
         WESTERN DIVISION
```

**MARY L. BRYANT**                                                    **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 5:11CV71-DCB-RHW**

**MICHAEL J. ASTRUE,**
**Commissioner of SSA**                                               **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation of the Magistrate Judge [**docket entry no. 17**] to deny Plaintiff Mary L. Bryant's Motion to Reverse, or in the alternative, to Remand [**docket entry no. 10**] and grant Defendant's Motion to Affirm [**docket entry no. 13**]. Having carefully considered the Parties' Motions, their opposition thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

**I. Plaintiff's Objections to the Report and Recommendation**

In his Report and Recommendation (R & R), Magistrate Judge Walker concluded that substantial evidence supports the decision of the Administrative Law Judge (ALJ) that Plaintiff was not disabled and possessed the residual functional capacity (RFC) to perform past relevant work. Plaintiff objects to this finding on three separate grounds. First, she argues that the Magistrate Judge should have found that the ALJ's step-three determination was deficient and contrary to law. Next, she argues that the Magistrate Judge should have concluded that the ALJ erred in assessing her

RFC, which required the ALJ to reject the opinion of her treating psychiatrist. Finally, she maintains that the Magistrate Judge should have determined that the ALJ improperly found that she was capable of returning to past work. The Court, mindful of the substantial evidence standard of review as articulated in the R & R, will address each of these objections in turn.

## II. Analysis

**1. The ALJ's step-three determination was neither deficient nor contrary to law**

Reviewing the ALJ's step-three determination, the Magistrate Judge found that substantial evidence supports the ALJ's finding that Plaintiff does not have a mental impairment that meets or equals one of the listings in appendix 1 to subpart P of § 404. R & R at 4-6, docket entry no. 17. Plaintiff lodges a number of specific objections to this finding, but each objection can be traced to a fundamental source: she believes that the opinion of her treating psychiatrist, Dr. Arora, supports a contrary conclusion and should have been given controlling weight. Dr. Arora completed two nearly identical Mental Impairment Questionnaires (MIQ), one in 2007 and another in 2009, which document that Plaintiff has marked difficulties in maintaining social functioning and moderate restrictions in activities of daily living and concentration, persistence, or pace.[1] Tr. 397-402.

---

[1] Dr. Arora's second MIQ essentially states that Plaintiff's mental impairments have not improved over the past two years and

2

As an initial matter, the Court notes the inconsistent positions Plaintiff has taken with regard to what finding Dr. Arora's opinion supports. At first, Plaintiff conceded that the MIQs "*[do] not support* a finding that Ms. Bryant's mental impairments met Listings 12.04 and/or 12.06" but argued that "it certainly raises the question regarding medical equivalency." Pl.'s Brief at 10, docket entry no. 11 (emphasis added). She also raised the issue of whether Dr. Arora's opinion supports a finding that her impairments met medical listing 12.07 (somatoform disorder). Id. at 10-11. Now, she appears to maintain that Dr. Arora's opinion supports a finding that her mental impairments meet listings 12.04 and 12.06 but does not reassert her contention that her impairments meet listing 12.07.[2] Pl.'s Written Objections at 4, docket entry no. 18. Plaintiff's only consistent argument with respect to step three is that the ALJ should have found, based on Dr. Arora's MIQs, that she has impairment that equals an applicable medical listing or at the very least should have obtained an expert opinion on the issue of medical equivalency. See R & R at 6; Pl.'s Written

---

confirms the 2007 diagnosis.

[2] Plaintiff argues that 12.04A and 12.06A are clearly satisfied and implies that Dr. Dunn's opinion supports a finding that 12.04B and 12.06B are also met. See Pl.s' Written Objections at 3-5. Inasmuch as Plaintiff is now advancing the argument that her impairments meet listings 12.04 and 12.06, the Court agrees with her former position. Dr. Arora's opinion does not support a finding that Plaintiff can satisfy part B of either listing and neither does Dr. Dunn's opinion, no matter how favorably it is construed in the Plaintiff's favor. See Tr. at 17.

Objections at 8.

As explained in the R & R, there are at least two problems with the equivalency argument. First, Plaintiff has failed to show how Dr. Arora's MIQs, or the other evidence for that matter, support a finding of medical equivalency, that is, she has not demonstrated how her mental impairments equal any of the medical listings. R & R at 5; <u>see</u> Pl.'s Written Objections at 8 (recounting the findings in the medical opinions but failing to explain how these findings demonstrate an equivalent impairment). Relatedly, Plaintiff does not specify how an updated medical opinion would have altered the medical consultant's finding that her impairments do not meet or equal a listed impairment. <u>See</u> R & R at 6; Pl.'s Written Objections at 7. An additional opinion is necessary only when the ALJ believes that additional medical evidence may change the state agency consultant's initial finding. SRR 96-6p, 61 Fed. Reg. 34,466, 1996 WL 374180. Such an opinion was not necessary in this case, as Plaintiff cannot point to any additional evidence that would have altered the ALJ's conclusion.

Second, contrary to the Plaintiff's contention, the ALJ did consider and reject many of Dr. Arora's findings contained in the MIQs. <u>See</u> R & R at 10. But even if the ALJ had not afforded Dr. Arora's opinion little weight, it would not amount to error at step three because Dr. Arora's MIQs do not demonstrate that Bryant has impairments that meet or equal one of the listings. The Court need

not rehash the evidence, which was carefully considered by the Magistrate Judge, but highlights the fact that the opinions of Dr. Arora and Dr. Dunn do not support a finding that Plaintiff satisfies part B of the applicable listings *and* the ALJ's conclusion was underscored by Dr. Scates's report and the Plaintiff's testimony. <u>See</u> R & R at 7. For these reasons, the Court agrees with the Magistrate Judge that substantial evidence supports that ALJ's determination that Plaintiff does not have an impairment or a combination of impairments that meets or equals one of the listings in appendix 1 to subpart P of § 404, and therefore, denies Plaintiff's objections on this issue.

**2. The ALJ did not err in assessing Plaintiff's RFC**

Related to the above issue is the question of whether the ALJ improperly calculated Plaintiff's RFC. The Magistrate Judge found that substantial evidence supported the ALJ's RFC assessment and, to the extent that Plaintiff invoked the treating physician rule, the ALJ did not err in affording little weight to Dr. Arora's opinion regarding Plaintiff's mental limitations. R & R at 8-10. Plaintiff objects to both of these findings. First, she claims that there is no medical opinion to support the ALJ's RFC assessment, particularly with respect to the findings regarding Plaintiff's physical limitations. Pl.'s Written Objections at 18. Next, she maintains that the findings of the other medical health professionals are compatible with Dr. Arora's mental assessment,

5

which she argues should be given controlling weight. Id. at 13.

Both claims lack merit. The law dictates that the ALJ has the responsibility to assess the claimant's RFC, see 20 C.F.R. §§ 404.1546(c), 416.946(c), and a medical source statement is not necessary to the ALJ's RFC determination as long as the RFC determination is supported by substantial evidence. See Gutierrez v. Barnhart, 2005 WL 1994289, at *7 (5th Cir. 2005); see also 20 C.F.R. §§ 404.1513(b), 416.913(b), 404.1527, 416.927, 404.1545, 416.945. Although Plaintiff disputes the sufficiency of the evidence to support the ALJ's physical RFC determination, as noted in the R & R, the ALJ discussed the issue of her neck and back pain and, with a sound basis in the record, explained why the persistence and limiting effects of her symptoms were not credible. R & R at 8. To cite just one example, the medical consultant review by Dr. James Glen indicated that Plaintiff had "no functional loss due to pain." R & R at 8. If anything, considering all the evidence with regard to Plaintiff's physical limitations, the ALJ chose to give Plaintiff the benefit of the doubt in his assessment of her physical limitations.[3]

---

[3] Plaintiff contends that the ALJ's RFC determination is inconsistent with the his step-two finding that she had "severe pain throughout her lumber spine." Pl.'s Written Objections at 9. But Plaintiff misconstrues the ALJ's findings. The ALJ did not find that the Plaintiff had "severe pain" but rather found that she had a severe impairment: pain throughout her lumbar spine. Tr. at 18. In other words, at step two the ALJ employed the technical meaning of the term "severe", see Tr. at 15, but the effect of Plaintiff's pain vis-a-vis her work limitations was yet to be determined.

Furthermore, with respect to Plaintiff's mental impairments, the ALJ properly explained why he afforded Dr. Arora's opinion little weight. See Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2005); 20 C.F.R. 404.1527(d)(2) (listing the criteria for weighing the treating source's opinion). The ALJ considered the short length of time Dr. Arora treated Plaintiff before completing the 2007 MIQ and noted the inconsistencies between Dr. Arora's treatment records and her updated 2009 MIQ. Tr. at 19. He also set out in some detail how Dr. Arora's conclusions regarding Plaintiff's mental limitations were contradicted by the opinions of other mental health professionals and Plaintiff's testimony. See R & R at 10. For these reasons, the ALJ chose to give more weight to the findings of Dr. Dunn, the consultive examiner, and Dr. Scates, the state agency consultant psychologist, who concluded that Plaintiff's symptoms were less severe than indicated by Dr. Arora's MIQ.[4] Tr. at 19; R & R at 11. In sum, the Court agrees with the

---

Plaintiff's RFC did account for her physical impairment by limiting her to medium work, with some limitations. The ALJ's findings at step two and step four are not inconsistent. See Tr. at 18 ("The claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment.").

[4] Plaintiff questions why the ALJ placed no restrictions on her interaction with co-workers and supervisors consistent with Dr. Dunn's opinion. Pl.'s Written Objections at 13. As stated in the R & R, the ALJ did account for Dr. Dunn's assessment regarding her social limitations, ruling out work requiring detailed instruction or frequent interaction with the public. See R & R at 11.

7

Magistrate Judge that substantial evidence supports Plaintiff's RFC with respect to both his mental and physical findings and therefore the Court will deny Plaintiff's objections on this issue.

### 3. The ALJ properly found that Plaintiff was capable of returning to past work

Finally, Plaintiff objects to the ALJ's conclusion that she was capable of returning to past relevant work–a conclusion which the Magistrate Judge found was supported by substantial evidence. Two of the three objections to this conclusion are grounded, once again, in Plaintiff's belief that the ALJ did not properly account for Dr. Arora's mental assessment and the opinion of the nonexamining and consulting psychologists to the extent that those opinions are compatible with Dr. Arora's. Because the Court has already determined that Plaintiff's RFC was supported by substantial evidence, it finds no error in the ALJ presenting a hypothetical to the vocational expert based on the RFC. Plaintiff's unaddressed objection is whether the ALJ erred by presenting a hypothetical which she believes was at odds with her RFC. See Bowling v. Shalala, 36 F.3d 431, 435-36 (5th Cir. 1994) (stating that a hypothetical is defective if it does not reasonably incorporate the plaintiff's disabilities). In his hypothetical to the vocational expert, the ALJ stated that Plaintiff could "stand or walk for 6 hours during an 8 hour period" when he had previously found that Plaintiff could "stand/walk for 4-6 hours in an eight hour day."

The Court agrees with the Magistrate Judge that the difference between the ALJ's RFC determination and the hypothetical presented the vocational expert is semantical. See R & R at 12. There is no material difference between the Plaintiff's RFC and the ALJ's hypothetical. Simply put, the ALJ found that Plaintiff could stand for six (6) hours in an eight-hour (8) day, and the hypothetical presented to the vocational expert reflected that finding. It would have been wrong, for instance, for the ALJ to present a hypothetical wherein Plaintiff could stand for seven (7) hours in an eight-hour (8) day because, according to the ALJ's RFC assessment, Plaintiff would not be able to perform the work. But any hypothetical failing with the range determined by the ALJ does not constitute error.

### III. Conclusion

Finding no merit to Plaintiff's objections, the Report and Recommendation [**docket entry no. 17**] is **HEREBY ADOPTED IN FULL.** Accordingly, **IT IS FURTHER HEREBY ORDERED** that Plaintiff's Motion to Reverse, or in the alternative, Motion to Remand [**docket entry no. 10**] is **DENIED. IT IS FURTHER HEREBY ORDERED** that the Defendant's Motion to Affirm the Decision of the Commissioner of the Social Security Administration [**docket entry no. 13**] is **GRANTED.** Pursuant to Federal Rule of Civil Procedure 58, a separate final judgement dismissing Plaintiff's claims with prejudice shall issue forthwith.

So **ORDERED**, this the 19th day of September, 2012.

>  /s/ David Bramlette  
> **UNITED STATES DISTRICT JUDGE**